Hillsborough, }
March 7, 1905. }

### THORPE v. PACKARD & a.

Where a conveyance of real estate has been procured through fraud, an offer of restitution is not a condition precedent to the maintenance by the grantor of a bill in equity for a cancellation of the deed.

In such case the court has power to impose the conditions upon which relief will be granted, and may make at any time before judgment such orders respecting a return of the consideration received by the plaintiff as justice requires.

BILL IN EQUITY, for the cancellation of a deed. Trial before *Pike*, J., at the May term, 1904, of the superior court, and decree for the plaintiff.

The defendants reside in Massachusetts, and the plaintiff in this state. Prior to August 24, 1899, the plaintiff had talked with

Packard about trading a farm in Hillsborough for Massachusetts real estate. On that date the plaintiff met Packard in Boston, and agreed to deed the farm and pay $3,000 in cash for land in Brookline, Massachusetts, owned by Packard, if the latter would find a purchaser for the land. The land was mortgaged to one Rogers for $4,500, and the legal title was in one Hyde. Packard produced as a purchaser one Peterson, and it was agreed by the three parties that Packard should have the Brookline land conveyed to Peterson, that the plaintiff should convey his farm and pay $3,000 to Packard, and that Peterson should give the plaintiff his note for the purchase price of the Brookline land, secured by a second mortgage of the premises. The conveyances necessary to effectuate this agreement were duly made.

Soon after these transactions Peterson went into bankruptcy and has obtained a discharge. The plaintiff foreclosed his mortgage in December, 1900, and remained in possession of the property until December, 1902, when the Rogers mortgage was foreclosed. The plaintiff filed this bill upon learning of the fraud which had been practiced upon him, but he did not offer to deliver the Peterson note to Packard before doing so. The Brookline land was never worth more than the amount due on the Rogers mortgage.

At the close of the evidence the defendants moved to dismiss the bill, on the ground that the plaintiff was not in a condition to return the consideration he received from Packard. The motion was denied, and they excepted.

*Andrews & Andrews* and *Taggart, Tuttle, Burroughs & Wyman,* for the plaintiff.

*William C. Rogers* (of Massachusetts) and *Burnham, Brown, Jones & Warren,* for the defendants.

YOUNG, J. The consideration the plaintiff received for his farm was the Peterson note. He gave Packard his farm and $3,000 for that note. Since the note has not been paid and is in his possession, he is in a position to return the consideration he received for his farm, if equity requires that he should do so. It is unnecessary, both in this state and in Massachusetts, for the injured party to offer to return the consideration he has received before filing a bill to rescind a conveyance which was procured by fraud. That is, the making of an offer of restitution is not a condition precedent to the right to maintain such an action in either state, although such an offer is necessary in Massachusetts in order to maintain a possessory action to recover property obtained by

fraud. Neither is it necessary to make such an offer in the bill itself, for the court has power to impose the conditions upon which it will give relief. *Thomas* v. *Beals*, 154 Mass. 51, 54. The court has power to compel " the plaintiff to do what he equitably ought to do." *Wheeler* v. *Stock Exchange*, 72 N. H. 315, 321. If such an order has not been made, the court can make it at this time. *Mead* v. *Welch*, 67 N. H. 341.

*Exception overruled.*

All concurred.